BOYD, Justice,
dissenting.
The respondent exercised poor business judgment on behalf of his fellow investors. The referee found, however, that there was no attorney-client relationship between the respondent and DeLucca. This finding is supported by clear and convincing evidence. The record reflects that through the entire transaction DeLucca was advised by separate, independent legal counsel. Because no attorney-client relationship existed, the two were dealing at arm’s length as business associates. The proper forum for settling any unresolved dispute between them is civil court.
The question of whether respondent breached an agreement to use the money for the tax lien only is not determinative of whether he engaged in immoral conduct or conduct involving deceit, dishonesty, fraud or misrepresentation or adversely reflecting upon fitness to practice law. A finding that the respondent commingled funds “received from different purposes" adds nothing to the finding of a possible breach of contract, especially in view of the fact that the overall scheme required respondent to combine the money of several investors. There was no finding that DeLucca demanded the return of his money when the condition of his agreement with respondent was not fulfilled. To.the contrary, there was evidence that after the May 1, 1975 deadline passed, DeLucca acquiesced in respondent’s keeping the money and continuing to try to complete the transaction. There is no basis for the referee’s conclusion that respondent’s conduct was dishonest, immoral, or professionally unethical.
I would dismiss this disciplinary proceeding, with each party to bear its own costs.